# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERICK PENA, ) <br> ) <br> Defendant. ) <br> _____ ) | **CRIMINAL ACTION** <br><br> No. 12-10223-01-MLB |

## **MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss. (Doc. 55). The motion has been fully briefed and is ripe for decision. (Doc. 58). Defendant's motion is denied for the reasons stated herein.

**I.   Facts**

On July 12, 2010, the State of Kansas charged defendant with two state offenses. On August 4, 2010, defendant pled guilty to conspiracy to commit forgery, a level 10 non-person felony. Defendant was sentenced to six months on November 12 pursuant to the Kansas Sentencing Guidelines Act (KSGA). Under the KSGA, the sentencing range of a defendant is determined by the crime and the defendant's criminal history. Defendant was placed in the lowest category of criminal history and his presumptive sentence was set at five to seven months. The State did not move for a departure at sentencing. Therefore, the judge was bound by the range set forth in the KSGA.

On November 6, 2012, a superceding indictment was filed against defendant. The superceding indictment charges two counts of felon in possession of a firearm and one count of having an unregistered

firearm. (Doc. 24). Defendant moves to dismiss the felon in possession counts on the basis that his state forgery charge does not constitute a felony under 18 U.S.C. §922(g)(1).

**II. Analysis**

18 U.S.C. § 922(g)(1) criminalizes the possession of firearms for "any person [ ] who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Whether a state conviction qualifies as an underlying felony for purposes of section 922(g)(1) is determined by state law. 18 U.S.C. § 921(a)(20) ("What constitutes a conviction of [a crime punishable for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."). In <u>United States v. Hill</u>, 539 F.3d 1213 (10th Cir. 2008), the Tenth Circuit addressed the KSGA sentencing structure in determining whether a prior crime constitutes a felony for the purposes of section 922(g)(1).

In <u>Hill</u>, the defendant faced a presumptive sentence of nine to eleven months and argued that his prior crime was not a felony because the state court could not sentence him to a term exceeding one year. The Circuit acknowledged that the sentencing judge could not sentence the defendant to more than one year but went on to explain that section 922(g)(1) is <u>crime</u> focused and does not center on the individual defendant.

> In § 922(g)(1), "punishable" is an adjective used to describe "crime." As such, it is more closely linked to the conduct, the crime, than it is to the individual convicted of the conduct. Congress could have written § 922(g)(1) differently had it intended to focus on the individual in particular rather than the crime for which the individual was convicted. Instead of the phrase, "individual convicted of a crime punishable by imprisonment for a term exceeding one year," Congress could have used the phrase, "individual

-2-

> punished by imprisonment for a term exceeding one year" or even "individual sentenced for imprisonment for a term exceeding one year."

Hill, 539 F.3d at 1219 (quoting United States v. Jones, 195 F.3d 205, 207 (4th Cir. 1999). The Circuit emphasized that this holding was supported and "mandated" by the Supreme Court's analysis in United States v. Rodriquez, 553 U.S. 377 (2008), a decision in which the Supreme Court interpreted the meaning of the ACCA's definition of a serious drug offense. The Circuit held that the statutory language of section 922(g)(1) and the definition of "offense" in 18 U.S.C. § 924(e)(2)(A)(ii) both required the court to determine the maximum statutory penalty and "not the top of a sentencing guideline range." Hill, 539 F.3d at 1221 (quoting Rodriquez, 553 U.S. at 390).

The maximum statutory penalty for the crime committed by defendant exceeds one year. Therefore, defendant has been convicted of a crime which is punishable by a term of more than one year.

Defendant, however, contends that Hill is "no longer good law" because it has been "significantly limited" by Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). (Doc. 55 at 2-3). In Carachuri-Rosendo, a resident alien was convicted of simple possession on two occasions. For the first possession, he received 20 days in jail. For the second charge, possession without a prescription of one anti-anxiety tablet, he received 10 days. After the second possession, the government initiated removal proceedings. Carachuri-Rosendo petitioned for cancellation of removal on the basis that he had not been convicted of an aggravated felony. The immigration judge determined that the petitioner's second conviction was an "aggravated felony" because it could have been charged as a felony and subject to

a two-year sentence. The Supreme Court reversed and held that the conviction could not be deemed an aggravated felony because the prosecutor chose to charge the petitioner with simple possession. In order to qualify as an aggravated felony, the prosecutor must have charged the petitioner as a recidivist and the prior possession would have been alleged in the charge. Therefore, a charge of simple possession that has not been enhanced by a prior conviction is not a felony punishable under the Controlled Substances Act.

This case, however, is distinguishable. Defendant was charged and pled guilty to a felony which could be punishable for more than one year. Moreover, the statute at issue in Carachuri-Rosendo was not section 922(g)(1).[1] As discussed in Hill and affirmed again in United States v. Coleman, 656 F.3d 1089, 1092 (10th Cir. 2011), the phrase "crime punishable by imprisonment for a term exceeding one year" in 18 U.S.C. § 922(g)(1) focuses on "the maximum punishment for any defendant charged with that crime, not the characteristics of a particular offender." The Tenth Circuit has "adopted an interpretation of § 922(g)(1) that is crime-centered, rather than defendant-centered," Coleman, 656 F.3d at 1092, and this holding has not been overruled by Carachuri-Rosendo.

**III. Conclusion**

Defendant's motion to dismiss counts one and two is denied.

---

[1] Defendant cites to two other circuit opinions which found that the defendants' prior convictions did not constitute felonies. United States v. Haltiwanger, 637 F.3d 881 (8th Cir. 2011) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Both decisions discuss whether a crime is a felony under the CSA. The decisions do not address section 922(g)(1) and, therefore, do not cast doubt on the Tenth Circuit's decisions in Hill and Coleman.

(Doc. 55).

Defendant has written the court requesting different counsel. The letter was discussed at the May 20 status hearing. Defendant's principal complaint appears to be that his counsel has not responded as he had hoped to his concern about not being given a <u>Miranda</u> warning at the time of his arrest. The government responded that no statement was taken from defendant and the court explained to defendant that <u>Miranda</u> has no application under those circumstances.

Defendant has been examined pursuant to 18 U.S.C. §§ 4241 and 4242. The report of examination indicates defendant understands the case and is satisfied with his counsel. The court sees no reason to switch counsel.

The jury trial will be held on June 18, 2013 at 9:00 a.m.

IT IS SO ORDERED.

Dated this 23rd day of May 2013, at Wichita, Kansas.

                                      s/ Monti Belot
                                      Monti L. Belot
                                      UNITED STATES DISTRICT JUDGE